ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG 15 PM 5: 18

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CONNIE D. ROBERSON,           )
                              )
    Plaintiff,                )
                              )
v.                            )     Case No. CV406-155
                              )
SHERIFF AL ST. LAWRENCE, et al., )
                              )
    Defendants.               )

## REPORT AND RECOMMENDATION

On July 10, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that she return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that her failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether she has stated a colorable claim for relief under § 1983.

Plaintiff makes only the most general of allegations in her complaint. Doc. 1. She names Chatham County Sheriff Al St. Lawrence and "his staff" as defendants, yet she is incarcerated at Pulaski State Prison and does not describe how the sheriff or his staff could have violated her rights. She names "courthouse," "Judges DA" and "probation department" without ever specifying against which county's court or law enforcement officials she seeks to bring this action. She merely states that all of the defendants

have deprived her of her constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, by denying her "the tranquility of life [and] the blessings of liberty," depriving her of the respect that is due her and stripping her of "everything." Doc. 1. Plaintiff's complaint neglects to mention any of the named defendants in the body of the complaint and, indeed, fails to set forth factual allegations of any kind. While a "plaintiff is not required to prove his claim in his complaint, . . . he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983." Moores v. Erik, No. 8:05CV1100T30TGW, 2005 WL 1677461, at *4 (M.D. Fla. July 18, 2005) (dismissing pursuant to § 1915A for failure to state a claim under § 1983).[1] Plaintiff has failed to meet that burden.

Plaintiff's request for relief is even more general than the statement of her claim. She asks the federal courts to "bring the . . . system up to a level [so] that it will work for everyone involved," and to "remove those who

---

[1] The liberality accorded to prisoner complaints does not allow a court "to conjure up unplead allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); see Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) ("A court may dismiss as frivolous a complaint reciting bare legal conclusions with no suggestion of supporting facts . . . .").

can[not] meet the guidelines set." She also asks for compensation for the violations she endured, without specifying what her injuries are or how they occurred.

Plaintiff has failed to assert a cognizable § 1983 claim, and her complaint should be **DISMISSED** under § 1915A for failure to state a claim for relief.[2]

**SO REPORTED AND RECOMMENDED** this _15TH_ day of **August, 2006.**

```
                                    /s/
                          _____
                          UNITED STATES MAGISTRATE JUDGE
                          SOUTHERN DISTRICT OF GEORGIA
```

---

[2]Plaintiff indicates that there is a prisoner grievance procedure at Pulaski State Prison but concedes she did not utilize it. Doc. 1. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The law is clear, however, that where "a claim . . . fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).